UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 04CR-10153-RWZ |
| ) | |
| v. ) | **VIOLATIONS:** |
| ) | |
| ) | 21 U.S.C. § 963 - |
| ) | Conspiracy to Import Cocaine |
| MANUEL JESUS NOVOA BAIRES ) | |
| ) | 21 U.S.C. §§ 952(a) |
| ) | and 960(a) - Unlawful |
| ) | Importation of Cocaine |
| ) | |
| ) | 21 U.S.C. § 853 - |
| ) | Criminal Forfeiture Allegation |
| ) | |

### INDICTMENT

**COUNT ONE:**  (Title 21, U.S.C. § 963 - Conspiracy to Import Cocaine)

The Grand Jury charges that:

Beginning on an unknown date but at least by on or about March 6, 2004 and continuing thereafter until on or about March 7, 2004, at Boston, in the District of Massachusetts, El Salvador and elsewhere,

**MANUEL DE JESUS NOVOA BAIRES**

defendant herein, knowingly and intentionally combined, conspired and agreed with persons unknown to the Grand Jury to import a quantity of cocaine, a Schedule II controlled substance, into the United States from a place outside thereof, namely El Salvador, in violation of Title 21, United States Code, Sections 952(a) and 960(a).

All in violation of Title 21, United States Code, Section 963.

<u>COUNT TWO</u>:      (21 U.S.C. §§ 952(a) and 960(a) - Importation of
                     Cocaine)

The Grand Jury further charges that:

On or about March 6, 2004, at Boston, in the District of Massachusetts,

**MANUEL DE JESUS NOVOA BAIRES**

defendant herein, did knowingly, intentionally, and unlawfully import a quantity of cocaine, a Schedule II controlled substance, into the United States from a place outside thereof, namely El Salvador.

All in violation of Title 21, United States Code, Sections 952(a) and 960(a).

**FORFEITURE ALLEGATION:**   (21 U.S.C. § 853)

The Grand Jury further charges that:

1.   As a result of the offenses alleged in Counts One and Two of this Indictment,

**MANUEL DE JESUS NOVOA BAIRES**

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offenses, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

2.   If any of the property described in paragraph 1, above, as a result of any act or omission of the defendant --

   (a)   cannot be located upon the exercise of due diligence;

   (b)   has been transferred or sold to, or deposited with, a third party;

   (c)   has been placed beyond the jurisdiction of the Court;

   (d)   has been substantially diminished in value; or

   (e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property

described in paragraph 1.

    All in violation of Title 21, U.S.C., Section 853.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
DAVID G. TOBIN
Assistant U.S. Attorney

DISTRICT OF MASSACHUSETTS;   May 13, 2004. @ 3:55 PM

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK