

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

June 29, 2004

Charles P. McGinty, Esquire
Federal Defender's Office
408 Atlantic Avenue
Third Floor
Boston, MA 02110

Re: United States v. Manuel Jesus Novoa Baires
    Criminal No. 04-CR-10153-RWZ

Dear Attorney McGinty:

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A. Rule 16 Materials

1. Statements of Defendant under Rule 16 (a)(1)(A)

   a. Written Statements

   Enclosed are the following relevant written statements made by the defendant Manuel Jesus Novoa Baires in the possession, custody or control of the government, the existence of which is known to the attorney for the government:

   United States Customs Service Declaration Form (2 pages); Rights Waiver Form (1 page)

   b. Recorded Statements

   There are no relevant recorded statements of the defendant Manuel Jesus Novoa Baires in the possession, custody or control

of the government, which are known to the attorney for the government.

    c.    <u>Grand Jury Testimony of the Defendant</u>

The defendant Manuel Jesus Novoa Baires did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The defendant Manuel Jesus Novoa Baires gave an oral statement to law enforcement officials after being stopped entering the United States at Logan International Airport. The details of that oral statement may be found in the Affidavit of Special Agent Matthew Gilmore, which was used to secure a criminal complaint against the defendant (enclosed). The undersigned attorney for the government anticipates receiving a report pertaining to the defendant's oral statement. It will be furnished to the defense.

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

The government is unaware at this time of any prior criminal record of the defendant.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

There presently are no reports of physical or mental examinations or scientific tests or experiments made in connection with this case.

B.    <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

An border search was conducted on the defendant's luggage at Logan International Airport. During that search, the cocaine, which is the subject of the indictment, was located concealed in blocks of cheese brought into the country by the defendant.

2

Reports pertaining to the border search will be provided at a later time.

C.   Electronic Surveillance under Local Rule 116.1(C)(1)(c)

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.   Consensual Interceptions under Local Rule 116.1(C)(1)(d)

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E.   Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

At this time, I am unaware of the names of any known unindicted coconspirators as to the conspiracy charged in Count One of the indictment.

F.   Identifications under Local Rule 116.1(C)(1)(f)

The defendant Manuel Jesus Novoa Baires was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant Manuel Jesus Novoa Baires.

G.   Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

    1.   The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

    2.   The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

    3.   No promises, rewards, or inducements have been given to

any witness whom the government anticipates calling in its case-in-chief.

    4.   The government is unaware that any of its named case-in-chief witnesses have a criminal record.

    5.   The government is unaware that any of its named case-in-chief witnesses have a criminal cases pending.

    6.   No named percipient witnesses failed to make a positive identification of a defendant with respect to the crimes at issue.

    No identification procedure was used in this case.

H.   Other Matters

    The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

    The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

    The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offenses were committed is set forth in the affidavit filed in support of the criminal complaint in this case and set forth in the indictment in this case copies of which are enclosed.

    Please call the undersigned Assistant U.S. Attorney at (617) 748-3392 if you have any questions.

```
                    Very truly yours,

                    MICHAEL J. SULLIVAN
                    United States Attorney

              By:   /s/ David G. Tobin
                    NAME
                    DAVID G. TOBIN
```

enclosures

cc:
   THOMAS QUINN
      Clerk to the Honorable JUDITH G. DEIN
      w/o enclosures